IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JOSUE PEREZ | § | |
| VS. | § | CIVIL ACTION NO. 9:18-CV-52 |
| DIRECTOR, TDCJ-CID, *et al.*, | § | |

### MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

Plaintiff, Josue Perez, an inmate currently confined at the Polusnky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against thirty-five defendants.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends this action be dismissed pursuant to 28 U.S.C. § 1915(g).

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Plaintiff has yet to pay the $400.00 filing fee and thus still seeks to proceed *in forma pauperis*. As outlined by the Magistrate Judge, plaintiff has incurred three strikes. *See Joshua Perez v. President Clinton, et al.*, Civil No. 3:99-251 (S.D. Tex. May 16, 2001) (frivolous); *Josue Villareal Perez v. Harris Cty. Dist. Attorney's Office*, Civil No. 4:02-3226 (S.D. Tex. Jan. 7, 2017) (failure to state a claim); *Josue V. Perez v. Frankie Reescano, et al.*, Civil No. 3:15-0123 (S.D. Tex. March 23, 2016 (frivolous); *see also Joshua Perez v. Gary Johnson, et al.*, Civil No. 6:98-90 (W.D. Tex.

Oct. 25, 1999) (granting defendants' motion to dismiss for failure to state a claim).[1] Plaintiff has not alleged facts showing that he was in actual imminent danger of serious physical injury at the time he filed this lawsuit. *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Plaintiff confirms that he was moved after he was allegedly verbally harassed for his transgender status. The speculative possibility of injury due to plaintiff's transgender status is insufficient to support his assertion of imminent danger.[2]

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

So **ORDERED** and **SIGNED** March 9, 2019.

---

Ron Clark, Senior District Judge

---

[1] The court was able to attribute all of these cases to plaintiff, despite his use of an alias, by matching his current and former prisoner identification numbers with court records. Plaintiff also listed 3:99-CV-251, 4:02-CV-3226 and 3:15-CV-123 as former suits in his amended complaint. Plaintiff lists his aliases and former TDCJ Numbers 247745, 312897 and 1160219 which match with court records.

[2] Plaintiff makes allegations of sexual assault by other inmates and TDCJ officials dating back to the 1970s due to his transgender status. This court has not been able to find any other civil action alleging plaintiff's transgender status has put him at risk.